IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 1:21cr60-HSO-JCG-1 |
| | § | |
| ROBERT A. WIEMER, JR. | § | |

**ORDER DENYING DEFENDANT ROBERT A. WIEMER, JR.'S
MOTION [11] FOR EARLY TERMINATION OF SUPERVISED RELEASE
AND DENYING HIS REQUEST FOR A HEARING**

BEFORE THE COURT is Defendant Robert A. Wiemer, Jr.'s Motion [11] for Early Termination of Supervised Release,[1] and his request for a hearing. For the reasons that follow, the Court finds that the request for hearing and the Motion should be denied.

I. BACKGROUND

In separate criminal case number 1:19cr6-HSO-JCG filed in this Court, the Grand Jury returned a 59-count Indictment [3] against Defendant Robert A. Wiemer Jr. ("Defendant" or "Wiemer"), which contained a litany of felony charges related to his alleged distribution of controlled substances outside the scope of his professional practice. *United States v. Wiemer*, 1:19cr6-HSO-JCG, Doc. [3] (S.D. Miss. Jan. 25, 2019). At Wiemer's initial appearance on February 4, 2019, the

---

[1] As Defendant Robert A. Wiemer, Jr. acknowledges in his Reply [13], he is not currently on supervised release but is serving a term of probation.

Magistrate Judge entered a $25,000.00 unsecured appearance bond and an Order Setting Conditions of Release. *United States v. Wiemer*, 1:19cr6-HSO-JCG, Docs. [15], [16] (S.D. Miss. Feb. 4, 2019).

On June 16, 2021, the Government filed an Information [1] in this case, charging Wiemer with knowingly distributing and dispensing a Schedule II controlled substance in violation of 21 C.F.R. § 1306.05(a). *See* Information [1] at 1. On June 18, 2021, Wiemer pleaded guilty to the Information pursuant to a Plea Agreement with the Government, and the Court sentenced Wiemer to a three-year term of probation. *See* J. [9] at 2. The Court also ordered Wiemer to pay a $25.00 special assessment and a $9,500.00 fine. *See id.* at 5.

Wiemer has now filed a Motion [11] for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1), stating that he "has already completed almost half of his probation term and has paid his fine in full." Mot. [11] at 1; *see id.* at 7. Wiemer posits that since his release from arrest after the original Indictment was returned, he has been under federal supervision for approximately four years without any violations, failed drug tests, missed appointments, or lack of compliance. *See id.* at 1-2, 6-7. He complains that under this supervision he "has been severely limited in his movements," *id.* at 2, and he cites his "advanced age" and "health issues, which have required more visits to physicians all over the country," as well as having "family members throughout the United States," *id.* at 3; *see id.* at 7. Wiemer further reasons that because his medical license has been

suspended by the Mississippi Medical Board, "he is not in a position to commit the same or similar crimes" to the one to which he pled guilty in this case. *Id.* at 7.

The Government opposes Wiemer's Motion. *See* Resp. [41]. It points out that Wiemer is not on supervised release, meaning that 18 U.S.C. § 3583(e)(1) is not applicable. *See* Resp. [12] at 1. Because Wiemer is currently serving a probationary sentence, the Government contends that the Court does have the authority to terminate the probationary period under 18 U.S.C. § 3564(c), using the factors set forth in 18 U.S.C. § 3553(a). *See id.* (citing 18 U.S.C. §§ 3564(c), 3553(a); *United States v. Smith*, 2014 WL 68796 (S.D. Miss. Jan. 8, 2014)). However, the Government argues that Wiemer has not shown that any inconvenience of having to seek permission to travel amounts to an "exceptional or changed circumstances that would justify early termination of his probation." *Id.* at 2 (quoting *Smith*, 2014 WL 68796, at *1).

In his Reply [13], Wiemer contends that the Government's focus on his travel difficulties was not the sole basis for his Motion, and he argues that the "interests of justice overwhelmingly support the Motion." Reply [13] at 1 (internal quotations omitted). Wiemer relies heavily upon the fact that "he has been living under the supervision and restrictions of the U.S. government since the original date of his arrest, far exceeding all expected time periods." *Id.* at 3. Wiemer therefore requests that his term of probation be terminated. *See id.* at 4.

3

II.  DISCUSSION

18 U.S.C. § 3564(c) provides that

> [t]he court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction . . . , if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).  Federal Rule of Criminal Procedure 32.1 addresses the modifying of a sentence of probation.  *See* Fed. R. Crim. P. 32.1.

Wiemer references a hearing in the title of the Motion.  *See* Mot. [11] at 1.  Rule 32.1(c)(1) states that "[b]efore modifying the conditions of probation . . . , the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation."  Fed. R. Crim. P. 32.1(c)(1).  But such a hearing is not required if "the relief sought is favorable to the person and does not extend the term of probation or of supervised release."  Fed. R. Crim. P. 32.1(c)(2).  Because the relief sought is favorable to Wiemer, no hearing is required under that Rule, nor does the Court find that a hearing is warranted or necessary under the facts of this specific case.  *See id.*

The Court's Local Rules provide that

> [a]ll motions shall be decided by the court without evidentiary hearing or oral argument unless otherwise ordered by the court on its own motion or, in the court's discretion, upon written request of counsel in an easily discernible manner on the face of the motion or responsive pleading regarding the need for a hearing or oral argument.

4

L.U. Crim. R. 47(F)(1).

In this case, Wiemer has not articulated any persuasive need for a hearing. Nor does the Court find that such a hearing is warranted or necessary. *See id.* Wiemer's request for a hearing will be denied.

B.     <u>Wiemer's request for termination of his term of probation</u>

18 U.S.C. § 3564(c) gives the Court broad discretion in determining whether to grant early termination from probation, but "[c]ourts have generally held that something more than compliance with the terms of probation is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Smith*, 2014 WL 68796, at *1 (collecting cases). In Wiemer's case, the Court finds no changed circumstances, nor exceptionally good behavior, that would warrant early termination of probation. *See id.*; 18 U.S.C. § 3564(c). Nor does the Court find that the interest of justice leads to the conclusion that early termination should be granted, *see* 18 U.S.C. § 3564(c), and the factors set forth at 18 U.S.C. § 3553(a) counsel against such a result, *see* 18 U.S.C. § 3553(a). Finally, the Court is not persuaded that Wiemer remaining on unsecured appearance bond and being subject to certain conditions of release prior to his sentencing justify an early release from his term of probation.

III.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Robert A. Wiemer, Jr.'s Motion [11] for Early Termination of Supervised Release and his request for a hearing on the Motion [11] are **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 31st day of January, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE